**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**LUWALHATI ADMANA JOHNSON**                                                         **PLAINTIFF**

            v.             Civil No. 07-5171

**DEPUTY SHERIFF CHRISTOPHER B. WILLIAMS;**
**DEPUTY SHERIFF DARREN MORROW; DEPUTY**
**SHERIFF SCOTT HAMMERSLEA;**
**WASHINGTON COUNTY SHERIFF'S OFFICE;**
**WASHINGTON COUNTY**                                        **DEFENDANTS**

**O R D E R**

Now on this 12th day of August, 2008, come on for consideration the **Motion To Dismiss Defendant Sheriff's Department** (document #3) and **Plaintiff's Motion For Default Judgment Against Defendant Washington County** (document #10), and from said motions, and the responses thereto, the Court finds and orders as follows:

1. Plaintiff brought suit, on October 4, 2007, pursuant to **42 U.S.C. §1983,** alleging that defendants subjected her to several unlawful searches and seizures. On January 7, 2008, Summons were issued for defendants Williams, Morrow, Hammerslea, and Washington County Sheriff's Office. The individual defendants filed Answers; Washington County Sheriff's Office moved to dismiss.

2. The Motion To Dismiss contends that plaintiff's claims against Washington County Sheriff's Office should be dismissed because that office is not a "person" for purposes of **42 U.S.C.**

**§1983**, which provides that

> [e]very **person** who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable. . . .

(Emphasis added.)

The logic behind the Motion To Dismiss is that the Sheriff's Office is not a suable entity under Arkansas law. The Motion correctly points out that the sheriff of an Arkansas county is an elected official under **A.C.A. §14-14-1301(a)(5)**, but that there is no statute empowering the "sheriff's office" or "sheriff's department" to sue or be sued, or establishing such an office or department as a body corporate or politic. Under Arkansas law, "[a]bsent statutory authority or incorporation," an artificial entity has no capacity to sue or be sued. **Fausett and Co., Inc. v. Bogard**, 285 Ark. 124, 126, 685 S.W.2d 153, 155 (1985). See also **Wade v. Tompkins**, 73 Fed. Appx. 890 (8th Cir. 2003), citing **Dean v. Barber**, 951 F.2d 1210, 1214 (11th Cir. 1992) for the proposition that "sheriff's departments are not usually considered legal entities subject to suit under §1983."

Plaintiff cites no authority to the contrary, arguing instead that "it is obvious to the Plaintiff that the Defendants' lawyer is arguing in this Court the same motion he had lost (at least twice) in another federal court in the state." There is no

evidence that plaintiff is correct in this assumption, nor would any such previous losses be controlling precedent.

Plaintiff's contention, however, does serve to highlight what appears to be a failure of proper proofreading. It appears that defendants may have submitted a "standard" brief which had been previously used in similar cases involving Franklin and Crittenden Counties -- without properly tailoring it to this case, which involves Washington County.

Notwithstanding defendants' proofreading problems, it is clear that what plaintiff is trying to accomplish is to place liability on Washington County, Arkansas, for the conduct of employees of its Sheriff. Based on the foregoing authorities, the Court is persuaded that she cannot accomplish that goal by suing the Washington County Sheriff's Office. The Motion To Dismiss will, therefore, be granted.

3. Plaintiff moves for default judgment against Washington County. In support of that motion, she points to an Affidavit of Service in which she avers that defendant Washington County was served by certified mail, restricted delivery, on January 14, 2008. She attaches to her Affidavit a copy of a Domestic Return Receipt showing that an article addressed to "Wash. Cty c/o George Butler" was received and signed for by K. Riley, Agent, on that date.

Plaintiff also filed an Affidavit In Support, in which she

avers that Washington County Attorney George Butler agreed to accept service for Washington County, but later sent her a letter in which he said he had not agreed to accept service. Both parties submitted copies of that letter, in which Butler writes "[y]ou did not ask and I have not agreed to accept service for the County or the Sheriff's office."

These conflicting versions of the events surrounding service of process on Washington County would seem to place the Court in the difficult position of determining, as between plaintiff and Butler, who has given the more accurate[1] information. The Court finds is not only possible, but desirable, to completely avoid making that determination. The law has a strong preference for deciding cases on the merits, rather than on technicalities, and a default judgment can be set aside for "mistake, inadvertence, surprise, or excusable neglect." **F.R.C.P. 60(b).** Based on the submissions of the parties, the Court is satisfied that if default judgment against Washington County were granted, it would be subject to being set aside for one or more of these reasons.

The Court also has serious doubts that Washington County has been properly served. It does not appear from the docket that a Summons was issued to Washington County, and no party has attached such a Summons to any filing. Without a proper Summons, service

---

[1] The Court does not treat this matter as one involving dishonesty on the part of anyone involved, as it appears to be a matter of confusion and misunderstanding.

could not have been perfected.  Likewise, if the Court accepts at face value Butler's statement that he did not agree to accept service, service has not been perfected.  The County Judge is the chief executive officer of the County, **McCuen v. Jackson**, **265 Ark. 819, 581 S.W.2d 326 (1979),** and would be the proper person to be served with Summons for the County.

For the foregoing reasons, the Court finds that plaintiff's Motion For Default Judgment should be denied.

4.  Denial of default against Washington County does not, however, end the matter.  Plaintiff clearly was making a serious and good faith attempt to serve Washington County, and the interests of justice in a decision on the merits counsel in favor of giving her another opportunity to perfect service.  See **F.R.C.P. 4(m).**  Because service of process on this defendant can be easily accomplished by any one of several different means set forth in **F.R.C.P. 4,** the Court finds that thirty (30) days from the date of this Order is sufficient time to allow for this to be done.

**IT IS THEREFORE ORDERED** that the **Motion To Dismiss Defendant Sheriff's Department** (document #3) is **granted,** and plaintiff's claims against Washington County Sheriff's Office are **dismissed.**

**IT IS FURTHER ORDERED** that **Plaintiff's Motion For Default Judgment Against Defendant Washington County** (document #10) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff has thirty (30) days from the date of this Order to perfect service upon defendant Washington County.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**