```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

**LUWALHATI ADMANA JOHNSON**                                              PLAINTIFF

      v.                Civil No. 07-5171

**DEPUTY SHERIFF CHRISTOPHER B. WILLIAMS;**
**DEPUTY SHERIFF DARREN MORROW; DEPUTY**
**SHERIFF SCOTT HAMMERSLEA;**
**WASHINGTON COUNTY**                                                    DEFENDANTS

<u>MEMORANDUM OPINION</u>

Now on this 14th day of July, 2009, comes on for consideration defendants' **Motion For Summary Judgment** (document #37), and plaintiff's **Motion In Limine And To Strike** (document #41), and from said motions, the Court finds and orders as follows:

1.  This case was filed by plaintiff, acting *pro se*, on October 4, 2007. The Complaint alleges that the defendants violated plaintiff's constitutional rights by unlawfully arresting her, and by unlawfully searching her home and seizing her property. Count I alleges that defendants Christopher Williams ("Williams") and Scott Hammerslea ("Hammerslea") conspired and participated in an unlawful arrest of plaintiff on October 4, 2005. Count II alleges that Williams entered plaintiff's home without consent and seized her property on March 3, 2006, and swore out a false warrant for her arrest. Count III alleges that Williams and defendant Darren Morrow ("Morrow") searched

plaintiff's property and arrested her without a warrant "on or about" March 22, 2006.[1] Count IV alleges that Washington County failed to instruct, supervise, control and discipline Williams, Hammerslea and Morrow in their duties, and ratified the conduct of Williams, Hammerslea and Morrow.

Defendants answered, denying that they violated plaintiff's constitutional rights.  They now move for summary judgment.  The time for briefing the motion has expired, and the matter is ripe for decision.

2.   Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994).**  Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995).**  The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute;  however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the

---

[1] The Incident Reports indicate that the precise date of these events was actually March 21, 2006, and the Court has treated that as the date complained of by plaintiff in Count 3 of her Complaint.

existence of a genuine dispute.  **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

3.   Pursuant to **Local Rule 56.1,** defendants filed a Statement Of Indisputable Material Facts ("Statement Of Facts") (document #39). Plaintiff has not filed any response to that document, other than her Motion In Limine And To Strike ("Motion In Limine").  The Court will, therefore, evaluate the Statement Of Facts in light of the challenges asserted by plaintiff in her Motion In Limine.

4.   The documents challenged by plaintiff in her Motion In Limine are described as "prior convictions, alleged violations of the law not alleged in the Complaint or not within the specific dates of alleged civil rights violations stated in the Complaint, and specifically <u>police or sheriff reports and detention documents (medical or not)</u> or other extraneous or prior acts allegedly done by the Plaintiff."  (Emphasis in original.)  She contends that such documents violate the hearsay rule, and that even if they do not, their prejudicial effect may outweigh their probative effect.

Plaintiff does not challenge the authenticity or the relevance of the various documents.

The hearsay issue is governed by **F.R.E. 803(8)(B):**

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness : . . . . Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B)

>   matters observed pursuant to duty imposed by law as to
>   which matters there was a duty to report, excluding,
>   however, in criminal cases matters observed by police
>   officers and other law enforcement personnel, or (C) in
>   civil actions and proceedings and against the Government
>   in criminal cases, factual findings resulting from an
>   investigation made pursuant to authority granted by law,
>   unless the sources of information or other circumstances
>   indicate lack of trustworthiness.

With these evidentiary provisions in mind, the Court has examined the various documents offered by defendants in support of their motion, and comes to the following conclusions:

(a) Defendants' Exhibit 1 comprises 29 pages described as "Incident Reports." Many of these pages relate to events that took place before the events in suit, and some relate to events during the time period encompassed by plaintiff's Complaint but did not occur on the dates of which she complains. The Court has eliminated those documents from consideration.

As to the remaining documents in Defendants' Exhibit 1, the Court will not consider matters reported to the defendants by third parties, as such information is not excluded from the category of hearsay by **F.R.E. 803(8)**. The portions of these documents that incorporate firsthand observations of the deputies preparing the documents will be considered.

(b) Defendants' Exhibits 2 and 3 are described as "Arrest/Booking." They contain the Affidavit Of Probable Cause To Obtain Arrest Warrant sworn out by Williams for plaintiff's arrest in 2006; Judge Storey's Order finding the Affidavit states

probable cause and directing the issuance of a warrant for plaintiff's arrest; and a copy of the Arrest Warrant. The Court finds these documents to be excluded from the definition of hearsay by **F.R.E. 803(8),** and will consider them in connection with the pending motion. The remaining documents in this Exhibit will not be considered.

(c) Defendants' Exhibit 3 is described as "Jail Medical File," and bears no relevance that the Court can see to the issues herein presented. Nothing in this document has been considered.

(d) Defendants' Exhibit 4 is described as "Request/Grievances," and likewise has no relevance to this case. Nothing in this document has been considered.

(e) Defendants' Exhibit 5 is described as "Law Enforcement Call Reports." These documents are not relevant, and have not been considered.

(f) Defendants' Exhibit 6 is the Affidavit of Christopher Williams, to which plaintiff's evidentiary challenges do not apply.

The Court has also considered plaintiff's claim that the prejudicial effect of the challenged documents outweighs their relevance, and finds that argument to be without merit. While the various documents the Court has excluded from consideration may be inflammatory -- the Court offers no opinion as to them -- the ones that are excluded from the hearsay rule by **Rule 803(8)** are not of

that nature. They are fairly straightforward accounts of official activity leading up to the seizure of plaintiff and her property on the dates in question. Her evidentiary challenge on the basis of **F.R.E. 403** are without merit.

5.   When the Court eliminates the documents to which it finds plaintiff has asserted valid challenges, the remaining documents, along with the unchallenged portion of defendants' Statement Of Facts and the undisputed averments of Williams, set up the following undisputed factual scenario:

*   On October 4, 2005, defendants Williams and Hammerslea, Washington County Deputy Sheriffs, went to plaintiff's residence to investigate a complaint. Williams had had many complaints about plaintiff's dogs not being contained and being vicious.

*   Upon arrival, Williams and Hammerslea observed two dogs loose in the roadway. They spoke with plaintiff, and told her that the dogs were being impounded. Plaintiff refused to cooperate, and placed the dogs in her house so they could not be impounded.

*   When Williams and Hammerslea attempted to arrest plaintiff on a charge of disorderly conduct, she resisted. The arrest was ultimately effected, however, and plaintiff was charged with disorderly conduct, obstructing governmental operations, and permitting livestock to run at large.

*   On March 7, 2006, Washington County Circuit Judge

William Storey signed an order in <u>State of Arkansas v. Luwalhati Lalota a/k/a Lyn Johnson</u>, CR-2005-1101-1 (Appeal) directing that, based on the Affidavit of Williams, an arrest warrant should be issued for plaintiff for willful violation of the condition of her plea agreement to remove all dogs from her property by February 15, 2006.  This arrest warrant was issued on March 8, 2006.

    *   Williams and Morrow went to plaintiff's residence on March 21, 2006, to serve the warrant, but did not take plaintiff into custody because there was no one available to watch her children.[2]

    6.   The Fourth Amendment protects people from "unreasonable searches and seizures."  In order to make out a prima facie case under **42 U.S.C. § 1983** that a law enforcement officer carried out an unreasonable search or seizure, a plaintiff must show that a search or seizure occurred, and that it was unreasonable.  **Howard v. Kansas City Police Department**, --- F.3d --- **2009 WL 1885495 (8th Cir. 2009).**

There does not appear to be any dispute that plaintiff was seized (arrested) on October 4, 2005; her property was seized on March 3, 2006; and she was again seized on March 21, 2006.  The Incident Reports considered by the Court state that plaintiff was arrested on October 4, 2005.  On March 3, 2006, the Incident

---

[2] Williams and Morrow returned on March 25, 2006, and arrested plaintiff and seized her dogs pursuant to the warrant.  Their actions on this date are not challenged in this case.

Report indicates that Williams and Morrow seized a female bloodhound from plaintiff's residence.  On March 22, 2006, the Incident Report indicates that plaintiff was handcuffed and placed in a patrol car.  The question, then, is whether these seizures were constitutionally unreasonable.

(a)  The October 5, 2005, seizure:

Plaintiff was arrested this date on charges of disorderly conduct in violation of **A.C.A. § 5-71-207**; obstructing governmental operations in violation of **A.C.A. § 5-54-102**; and allowing a vicious dog to run at large, in violation of a municipal ordinance.

Relevant case law is to the effect that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." **Atwater v. Lago Vista**, **532 U.S. 318, 354 (2001)**.

In his Affidavit, Williams avers that he was responsible for animal control in Washington County, including "vicious animal complaints."  Williams further avers that before October 4, 2005, he had received many complaints about plaintiff's dogs "not being contained properly" and being "vicious."  On October 4, 2005, he avers that he went to plaintiff's residence to investigate a complaint that her dogs were loose.

The Incident Report of that date indicates that Williams and

Hammerslea found dogs belonging to plaintiff "in the roadway." Plaintiff's behavior, as described in the Incident Report, was that when Williams and Hammerslea told her they were going to impound the dogs because they had been found running loose, she refused to assist in loading the dogs, instead putting them in her house where they would be beyond reach of the deputies without a warrant.

The Court finds no genuine dispute that an arrest on a charge of disorderly conduct was reasonable under these facts. Indeed, plaintiff fails to even make the argument that it was not. Summary judgment in favor of defendants is appropriate on this issue.

(b)  The March 3, 2006, seizure.

The events of this date began when Williams and Morrow went to plaintiff's home to investigate a report of a dog chained inside her fence. According to the Affidavit Of Probable Cause To Obtain An Arrest Warrant sworn to by Williams, as part of a plea agreement on February 9, 2006, plaintiff had been ordered to remove all dogs from her property by February 15, 2006.

When Williams and Morrow arrived, they found a dog on plaintiff's property, and seized it. This was not unreasonable. Williams was aware that plaintiff had been ordered by a court not to have dogs on her property as part of her plea agreement. The fact that he found a dog on her property after that order gave him

probable cause to believe plaintiff was in violation of her plea agreement. "The seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity." **Payton v. New York**, **445 U.S. 573, 587 (1980)**. Summary judgment for the defendants is appropriate on this issue.

(c)  The March 21, 2006, seizure.

Plaintiff was handcuffed and placed in a patrol car on March 21, 2006. While she was not formally arrested or charged on that date, she was clearly not free to leave and thus had been seized within the meaning of the Fourth Amendment. **U.S. v. Griffith**, **533 F.3d 979, 983 (8th Cir. 2008)**. This seizure was made on the authority of a warrant for plaintiff's arrest, and would be presumptively reasonable, but for plaintiff's allegation that Williams falsely swore out the warrant.

A search warrant -- and, by extension, an arrest warrant -- is subject to challenge based on "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." **Franks v. Delaware**, **438 U.S. 154, 155-56 (1978)**. Here, however, plaintiff offers nothing whatsoever to counter defendants' evidence that

\*    she had entered a plea agreement, one of the terms of which was that she remove all dogs from her property by February

-10-

15, 2006;

    *    she had been ordered by a court, on February 27, 2006, to have no dogs at her property; and

    *    Williams found a dog on plaintiff's property on March 3, 2006.

These averments were the basis of the warrant for plaintiff's arrest, and absent some rebuttal thereof, there is no genuine dispute of fact as to plaintiff's claim of false swearing. Summary judgment in favor of defendants is appropriate on this issue.

    7.    Count IV of the Compliant alleges that Washington County failed to instruct, supervise, control and discipline Williams, Hammerslea and Morrow in their duties, and ratified the conduct of Williams, Hammerslea and Morrow.

In order for there to be any merit in this Count, there would have to be some showing of liability on at least one of the other Counts. Given that summary judgment in favor of Williams, Hammerslea, and Morrow is appropriate on the Counts as against them, there is no basis to impose liability on the County for failure to instruct, supervise, control or discipline them, or for ratification of their actions. Summary judgment in favor of Washington County is, therefore, appropriate.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion In Limine And To Strike** (document #41) is **granted in part and denied in part**, as

fully described in this Order.

**IT IS FURTHER ORDERED** that defendants' **Motion For Summary Judgment** (document #37) is **granted.**

**IT IS SO ORDERED.**

                                                  /s/ Jimm Larry Hendren
                                             **JIMM LARRY HENDREN**
                                             **UNITED STATES DISTRICT JUDGE**